IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHELBY OGOLI,<br><br>     Plaintiff,<br><br> v.<br><br>CHILDREN'S MEDICAL CENTER,<br>et al.,<br><br>     Defendants. | Case No. 3:20-cv-435-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro se* civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff Shelby Ogoli's Complaint should be dismissed with respect to Defendants Delitra Houston, Karen Norton, and Darcy Wessinger Mitchell.

Plaintiff filed her original and amended "Complaint[s] for Employment Discrimination" in state court on December 20, 2019, and January 17, 2020, respectively. Notice Ex. 1 at 9, 27. (ECF No. 1-1). Defendant Children's Health System of Texas subsequently removed the case to federal court. Notice (ECF No. 1). All of Plaintiff's claims against Children's have been dismissed with prejudice, and only Plaintiff's claims against Defendants Houston, Norton, and Mitchell remain. Order (ECF No. 12); Notice Ex. 1 at 27-35. However, the documents

attached to the Notice of Removal do not indicate that Houston, Norton, and Mitchell have ever been served, nor have they appeared in this case. *See* Notice Ex. 1. Once Plaintiff's claims against Children's were resolved, the Court informed Plaintiff in its November 12, 2020 order that because she is not proceeding *in forma pauperis*,

> she was responsible for properly serving those Defendants [Houston, Norton, and Mitchell] with a summons and complaint and filing proof of service with the Court in accordance with Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4(c), 4(l). And "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. 4(m).

Order (ECF No. 11). The Court also noted that the original 90-day period for service had expired and instructed Plaintiff "to file written clarification on or before November 18, 2020, indicating whether she intend[ed] to pursue claims against Defendants Delitra Houston, Karen Norton, and Darcy Wessinger Mitchell." *Id*. Plaintiff failed to respond to the Court's order, and, as a result, the Court presumed she intended to move forward with her claims against those Defendants. Acting on that presumption, the Court entered an order on November 24, 2020, finding good cause to extend the time for Plaintiff to serve Houston, Norton, and Mitchell until December 24, 2020. Order (ECF No. 13). The Court warned that if she failed to serve those Defendants by that date, it would recommend her claims against them be dismissed without prejudice for failure to prosecute. *Id*.

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service **and** (2) good cause for the Court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (citing Fed. R. Civ. P. 4(m)) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders)."A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte,* for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [his or her] failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988)).

Here, Plaintiff filed her amended Complaint for Employment Discrimination on January 17, 2020. She failed to respond to the Court's November 12, 2020 order, instructing her to file written clarification as to whether she wished to pursue her claims against Defendants Houston, Norton, and Mitchell. And, as of January 29, 2021, she has still not filed proof of service with the Court, indicating that she timely served those Defendants. Accordingly, the District Court should DISMISS Plaintiff's claims without prejudice against Defendants Houston, Norton, and Mitchell under Federal Rules of Civil Procedure 4(m) and 41(b).

**SO RECOMMENDED.**

January 29, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).